# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| OPAWL – BUILDING AAPI FEMINIST LEADERSHIP, NORTHEAST OHIO COALITION FOR THE HOMELESS, ELISA BREDENDIEK, PETER QUILLIGAN, and JOHN GERRATH,<br><br>        Plaintiffs,<br><br>    v.<br><br>DAVE YOST, in his official capacity as Ohio Attorney General, and FRANK LAROSE, in his official capacity as Ohio Secretary of State,<br><br>        Defendants. | Case No. 2:24-cv-3495<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |

**DECLARATION OF PETER QUILLIGAN**

I, Peter Quilligan, in accordance with 28 U.S.C. § 1746, declare the following:

1. I am over the age of 18. I am competent to make this sworn declaration. The following is based on my personal knowledge.

2. I am a native Ohioan and lifelong United States citizen. I grew up in Cleveland Heights.

3. I met my wife, Elisa Bredendiek, through our volunteer work with the Cleveland Catholic Worker. She moved to Cleveland from Germany after high school, almost twenty years ago.

4. We currently live in Cleveland with our two children, aged seven and nine. Both of our children were born here in Cleveland, and we feel lucky to call Cleveland and Ohio home.

5. We are deeply invested in our community and the people we share it with, regardless of their means or citizenship status. We aim to instill these same values in our children.

1

6. That said, I have never been active in electoral politics beyond voting. Participating in local organizations is the way that I give back.

7. I have spent years volunteering with the Cleveland Catholic Worker to provide hospitality to the most vulnerable in our community.

8. I have attended countless protests related to human rights, immigrants' rights, environmental justice, and anti-war efforts to advocate for and visibly support causes and policies I believe in, and to protest against causes and policies that I do not believe in.

9. I have made direct financial contributions to the Northeast Ohio Coalition for the Homeless (NEOCH) and several other organizations that support the homeless and immigrants.

10. I am aware that NEOCH uses some of its funds to support ballot issues and educate the community about them.

11. I have made contributions to NEOCH and other organizations from the bank account that Elisa and I share.

12. Elisa is our family's primary earner, and we file our taxes jointly.

13. If HB 1 is enforced, I will not be able to continue contributing to NEOCH and other organizations that advocate for human rights and policy issues that I care about using the funds from my joint account, out of fear that doing so will violate the new law's broad prohibitions on any noncitizens making any contributions to these types of organizations "directly or indirectly through any person or entity," anyone knowingly making a contribution using any funds the person knows were received from a foreign national, or facilitating a violation of HB 1's prohibitions.

14. In addition, in light of HB 1's prohibition on any individual using funds received from a noncitizen to make "a contribution . . . to the maximum extent permitted by law and by the constitutions of the United States and of this state, to a continuing association," H.B. 1, 135th Gen.

Assemb., Spec. Sess. § 3517.121(B)(4), (C)(2) (Ohio 2024), which I understand to include all or nearly all nonprofit organizations—I am also deeply concerned about contributing to *any* nonprofit organizations using my family's joint bank account in the future. It is completely unclear to me which contributions are prohibited and which are allowed.

15. If I want to keep contributing under HB 1, I will have to take extra precautions to ensure that I am keeping my money separate from my wife's, and even then, I am not sure that I will be able to steer completely clear of HB 1's broad restrictions—which prohibit me from receiving money from Elisa even "indirectly" to make a nonprofit contribution, and from "facilitating" a violation of HB 1. *Id.* § 3517.121(C), (D).

16. I understand that I could face jail time and be forced to pay a crippling 10,000-dollar fine, even for making a contribution that is orders of magnitude below that number. *Id.* § 3517.121(F). My family and I cannot afford to risk those consequences.

17. If HB 1 does *not* go into effect, then I will continue to contribute to my community through small nonprofit donations, including to NEOCH, as I have been.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 6/27/2024

*Peter Quilligan*

Peter Quilligan

3